### Cassavore v. Cassavore
### Case No. L-89-117
### Lucas County (6th)
### Decided February 9, 1990
[Cite as 1 AOA 232]

*Mr. Jeffrey J. Perkins, Counsel for Appellant,*

*Mr. Mervin S. Sharfman, Counsel for Appellee.*

GLASSER, J.

This matter is before the court on appeal from a judgment of the Lucas Country Court of Common Pleas, Domestic Relation Division.

Plaintiff-appellee, Helen V. Cassavore, was granted a divorce from defendant-appellant, Norman E. Cassavore, on February 9, 1987. A divorce decree entered on that date required appellant to make monthly alimony payments of $387.50. At the time of the divorce, appellee and appellant were sixty and fifty-six years of age, respectively, and had been married thirty-six years.

On February 8, 1988, appellee filed a motion to modify alimony Appellee's motion alleged that a change of circumstances had occurred warranting an increase and that "* * * although not specifically stated in said Judgment Entry, the Court has implied continuing jurisdiction to modify alimony." A hearing held before a referee on March 16, 1988 regarding appellee's motion for modification resulted in confusion over whether the court had expressly reserved jurisdiction to modify alimony as required by R.C. 3105.18(D). The referee determined that appellee should file a motion for declaratory judgment on the issue of continuing jurisdiction. Said motion was filed March 23, 1988.

In a judgment entry filed May 26, 1988, the trial court held that "* * * the issue of alimony * * * is modifiable upon the occurrence of a substantial change of circumstances." From this order, appellant filed a notice of appeal. In a *sua sponte* decision and judgment entry filed December 27, 1988, this court dismissed appellant's appeal and held that the trial court's declaratory judgment was not a final, appealable order.

On March 10, 1989, a judgment entry was filed in which the trial court found a substantial change of circumstances and increased appellant's alimony obligation from $387.50 per month to $210 per week. It is from this judgment entry that appellant has appealed assigning the following as error:

"1. THE TRIAL COURT ERRED IN HOLDING THAT IT RETAINED JURISDICTION TO MODIFY THE ALIMONY PROVISIONS IN THE DIVORCE DECREE ENTERED FEBRUARY 9, 1987, IN CASSAVORE V. CASSAVORE.

"2. THE TRIAL COURT ERRED BY AFFIRMING AND ADOPTING THE REFEREE'S FINDING AND RECOMMENDATIONS REGARDING MODIFICATION OF ALIMONY."

In his first assignment of error, appellant argues that the trial court erred in determining that it retained jurisdiction to modify the

original alimony award. The divorce decree entered February 9 1987, signed by appellant and the attorneys for both parties, provides, in relevant part:

"12. It is further ORDERED, ADJUDGED and DECREED that Defendant shall pay to Plaintiff as and for alimony the sum of Three Hundred Eighty-Seven Dollars and Fifty Cents ($387.50), per month, effective January 1, 1987, all of said alimony payments to be made through the Lucas County Bureau of Support, plus one and one-half (1 1/2%) percent poundage with the following special limitations as set forth by this Court:

"(a) Said award of alimony represents one-half (1/2) of the Defendant's monthly take home pay.
"(b) The alimony shall not be modified downward unless Plaintiff receives a gross income equal to the adjusted gross income of the Defendant on an average monthly basis and added to Plaintiff's income must be the amount of Plaintiff's monthly expense for health insurance previously alluded to herein.
"(c) Alimony shall terminate upon Plaintiff's death, Defendant's death or the occurrence of a substantial change of circumstances which the Court indicates may be receipt of Social Security benefits depending upon whether or not said Social Security benefits, alimony payments and other income exceed the amount of Defendant's adjusted gross income on an average monthly basis including the additional amount which Plaintiff must pay for her monthly health insurance premiums or upon Plaintiff's remarriage, whichever event shall first occur."

Appellant asserts that this judgment entry does not give the court specific authority to modify the award pursuant to R.C. 3105.18(D)(1). R.C. 3105.18(D)(1) provides:

"(D) If a continuing order for periodic payments of money as alimony is entered in a divorce or dissolution of marriage action that is determined on or after May 2, 1986, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony unless the court

determines that the circumstances of either party have changed and unless one of the following applies:

"(1) In the case of a divorce, the decree or separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony * * *."

By the express language of this statute, an award of continuing alimony may not be modified unless the court finds that a change of circumstances has occurred *and* the decree contains a provision that specifically authorizes modification.

In the case *sub judice*, we are presented with the question of whether specific authorization to modify alimony "downward" and to terminate alimony also represents authorization to modify alimony "upward" within the meaning of R.C. 3105.18(D)(1). The issue presented by this assignment of error appears to be one of first impression.

Appellee urges us to find that the first special limitation, sub-paragraph (a), implies that the court has jurisdiction to increase the award so that it consistently reflects one-half of appellant's net monthly wages. Appellee insists that the phrase implies that the award *should* represent appellant's income and suggests that the limitation indicates that the trial court contemplated that appellant would not always earn the same amount of money. While such a theory is credible, it does not change our determination that this phrase cannot be construed as a specific authorization for the court to order an increase in appellant's alimony obligation.

Sub-paragraphs (b) and (c), respectively, enumerate conditions under which the alimony award may be modified downward or terminated. Appellee asserts that the court would not have set forth such limitations unless it intended to reserve jurisdiction to modify the alimony award. We agree with the premise of appellee's argument insofar as it relates to the court's continuing jurisdiction over *downward* odification and termination. However, we do not find that stating conditions for alimony termination and/or reduction represents a specific reservation of jurisdiction providing authorization to *increase* a continuing award of alimony.

After a thorough examination of the di-

vorce decree, we have concluded that the trial court was not specifically authorized, pursuant to R.C. 3105.18(D)(1), to increase the amount of appellant's alimony obligation. Accordingly, we find appellant's first assignment of error well-taken.

In his second assignment of error, appellant has set forth a two-part argument. First, appellant asserts that appellee failed to show that a change of circumstances had occurred. Second, assuming that a change of circumstances was proved, appellant argues that the trial court failed to properly consider the factors set forth in R.C. 3105.18(B) in determining the amount of alimony. In view of our determination that the trial court was without jurisdiction to increase the alimony award, this assignment of error is rendered moot and is, therefore, not well-taken.

On consideration whereof, the court finds substantial justice has not been done the party complaining. Accordingly, the declaratory judgment and the judgment increasing appellant's alimony obligation entered by the Lucas County Court of Common Pleas, Domestic Relations Division are both reversed. It is ordered that appellee pay the court costs of this appeal.

*JUDGMENT REVERSED*

HANDWORK, P.J.
GLASSER, J.